IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Raymond E. Chestnut, #13465-171, | ) | C/A No.: 1:16-203-RBH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| David Ebbert, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Raymond E. Chestnut ("Petitioner") is a federal inmate confined at United States Penitentiary ("USP") Lewisburg in Pennsylvania. Petitioner has submitted this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Petitioner alleges he entered a guilty plea on June 6, 2005, in the South Carolina Fifteenth Judicial Circuit, Court of General Sessions, to the offense of possession of crack cocaine. [ECF No. 1 at 1]. Petitioner states the state court judge sentenced him to 18 months' imprisonment. *Id.* Petitioner filed a direct appeal on August 21, 2013 [ECF No. 1-1 at 3], which the South Carolina Court of Appeals dismissed on November 26, 2013 [*id.* at 2]. Petitioner alleges he also filed an application for post-conviction relief

("PCR"), which the state court denied on March 17, 2015. *Id.* at 6. Petitioner claims he appealed the denial of his PCR and the South Carolina Supreme Court denied his appeal on an unknown date. *Id.* Petitioner filed this habeas petition on January 15, 2016.[1]

II.   Discussion

   A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure

---

[1] The petition was received by the court on January 19, 2016, and docketed on January 22, 2016. [ECF No. 1-2 at 1]. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope containing the petition was deposited in the prison mailing system on January 15, 2016. *Id.* at 2.

2

in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

1.  The Habeas Petition is Untimely

The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

   (A)  **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[2]

Petitioner was found guilty and the trial court sentenced him on June 6, 2005. [ECF No. 1 at 1]. At that point, Petitioner had ten days within which to file a notice of appeal, but he failed to do so. *See* Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Petitioner's conviction became final on June 16, 2005, the first non-holiday business day ten days after his sentence. Accordingly, Petitioner's one-year statute of limitations

---

[2] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review with the State's highest court." 132 S. Ct. at 653–54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to federal prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting federal judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek

period began running on June 17, 2005, the first day following the expiration of Petitioner's ten-day window of appeal. Petitioner's federal time limitation for filing this habeas action expired on June 17, 2006. Petitioner did not file this habeas action until January 15, 2016, over nine years after the statute of limitations had run. Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d).

2. Equitable Tolling Does Not Apply

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be

---

certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

>   unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330.

In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The *Holland* Court reiterated its prior holding that the statute would be equitably tolled "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" demonstrating that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

In support of his claim for equitable tolling, Petitioner asserts he instructed his attorney to file a direct appeal on his behalf, but his attorney failed to do so. [ECF No. 7 at 1–2]. Petitioner alleges he contacted his attorney "from time to time beginning in 2005 to 2013 inquiring about his direct appeal, and was informed that his appeal was still pending." *Id.* at 2. Petitioner states he did not learn his attorney did not file a direct appeal until 2013 when he asked his attorney for a copy of the case file. *Id.* Petitioner fails to show that this periodic contact with his attorney constituted a diligent pursuit of his rights, nor does Petitioner explain why he failed to take any additional actions over this eight-year period to ascertain the status of his appeal. Nevertheless, even if the court equitably tolled the limitation period until 2013, Petitioner's § 2254 petition is still

untimely. With the benefit of equitable tolling, the limitation period began to run no later than August 22, 2013, the day Petitioner filed his direct appeal. [ECF No. 1-1 at 3]. Petitioner filed this petition on January 15, 2016, 511 days after the limitation period expired. Further, the filing of Petitioner's post-conviction relief application on March 6, 2012,[3] did not toll the limitation period as the state court dismissed the PCR action as untimely [ECF No. 1-1]. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (holding that petitioner's PCR application, having been rejected by the state court as untimely, was not "properly filed" to entitle him to statutory tolling under §2244(d)(2)); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted). Because Petitioner did not diligently pursue collateral review of his conviction, the undersigned finds that equitable tolling of the statute of limitations is not merited. Based upon the foregoing, the petition was not timely filed, and is barred by 28 U.S.C. § 2244(d)(1).[4]

---

[3] *See* http://publicindex.sccourts.org/Horry/PublicIndex/CaseDetails.aspx?County=26&CourtAgency=26002&Casenum=2012CP2601815&CaseType=V.

[4] It also appears that Petitioner's 18 month sentence imposed on June 6, 2005, expired in 2006. Although Petitioner argues he is still "in custody" on the 2005 sentence because it was used to enhance his current sentence, *see* ECF No. 14, a petitioner may not collaterally attack an expired sentence that has been used to enhance a sentence for which the prisoner is presently in custody. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that a habeas petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired . . .[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.").

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this petition without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

March 8, 2016                                                Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).