UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Raymond E. Chestnut, | ) | Civil Action No. 1:16-cv-00203-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| David Ebbert, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Raymond E. Chestnut, a federal prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Shiva V. Hodges.[1] *See* R & R, ECF No. 18. The Magistrate Judge recommends the Court dismiss the petition without prejudice and without issuance and service of process. R & R at 1, 8. Petitioner has filed timely objections to the R & R. *See* Pet.'s Objs., ECF No. 21.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**Discussion**[2]

**I.    The Magistrate Judge's R & R**

The Magistrate Judge recommends the Court dismiss Petitioner's § 2254 petition without prejudice and without issuance and service of process, concluding (1) that the petition is untimely and (2) that Petitioner is not entitled to equitable tolling of the statute of limitations. R & R at 3-7.

Regarding timeliness, the Magistrate Judge found that Petitioner did not file a timely notice of appeal from his guilty plea entered in state court on June 6, 2005; that his conviction became final on June 16, 2005; that the one-year statute of limitations for filing a § 2254 habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") began running on June 17, 2005;[3] that Petitioner's federal time limitation for filing this habeas action expired on June 17, 2006; and that Petitioner did not file this habeas action until January 15, 2016—more than nine years after the AEDPA

---

[2]    The Court incorporates by reference the applicable procedural history and relevant law set forth in the Magistrate Judge's R & R.

[3]    *See* 28 U.S.C. § 2244(d)(1)(A) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .").

2

statute of limitations had expired.  *Id.* at 4-5.

Regarding equitable tolling, the Magistrate Judge found Petitioner failed to show a diligent pursuit of his rights, which is a necessary showing for a habeas petitioner asserting equitable tolling. *Id.* at 6 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  Alternatively, the Magistrate Judge concluded that even if the Court equitably tolled the limitation period until August 21, 2013 (when Petitioner filed his direct appeal), Petitioner's § 2254 petition would still be deemed untimely because he did not file the petition until January 15, 2016.  *Id.* at 6-7.

Aside from her findings regarding untimeliness and inapplicability of equitable tolling, the Magistrate Judge included a footnote indicating Petitioner is not "in custody" for purposes of habeas corpus relief because his eighteen-month sentence imposed on June 6, 2005, would have expired in 2006.  *See id.* at 7 n.4 (citing *Maleng v. Cook*, 490 U.S. 488, 492 (1989)).

## II.  Petitioner's Objections

Petitioner lodges two objections to the Magistrate Judge's findings.  *See* Pet.'s Objs. at 1-2. First, he contends he did in fact file a timely notice of appeal from his guilty plea on June 16, 2005.  In support of this contention, Petitioner has submitted a copy of the purported notice of appeal.  *See* Exhibit A, ECF No. 21-1 at 2.  He claims he filed this notice of appeal in the state circuit court, but the circuit "court failed to forward the notice of appeal to the S.C. Court of Appeals until early 2013." Pet.'s Objs. at 1-2.  Petitioner also asserts his "attorney was instructed to file the notice of appeal as well but . . . failed to do so"; Petitioner alleges it was not "until sometime in 2013" that he "received a copy of the case file" and discovered his attorney never filed the notice of appeal.  *Id.* at 1.

Second, Petitioner argues equitable tolling is warranted in this case because he believed, based on his communications with his attorney over the eight-year period from 2005 to 2013, that his appeal

was pending. *Id.* at 2. Petitioner claims that if he knew his attorney had not actually filed the notice of appeal, he "definitely would have took [sic] other actions in a timely or diligent manner." *Id.*

### III.     Analysis

The Court agrees with the Magistrate Judge that Petitioner's § 2254 petition is untimely and not subject to equitable tolling.

#### A.     The Petition Is Untimely

Regarding timeliness, the Court notes Petitioner attached to his § 2254 petition a copy of the state post-conviction relief (PCR) court's order of dismissal. *See* ECF No. 1-1. In that order, the PCR court summarized the relevant procedural history as follows: "The Horry County Grand Jury indicted [Petitioner] in November 2004 for possession of crack cocaine[.] . . . On June 6, 2005, [Petitioner] pled guilty as indicted. Judge Breeden sentenced [Petitioner] to eighteen (18) months imprisonment. *Applicant filed appeals from his pleas on August 21, 2013.*" *Id.* at 3 (emphasis added). Additionally, in his § 2254 petition, Petitioner listed the case number of his direct appeal (filed in the South Carolina Court of Appeals) as "2013-001768." Using this case number, the Court has located the order of dismissal of the South Carolina Court of Appeals, and that order confirms Petitioner did not file his notice of appeal until "August 21, 2013"; the Court of Appeals dismissed the appeal as untimely. *See State v. Chestnut*, S.C. Ct. App. Order dated Nov. 26, 2013, *available at* http://ctrack.sccourts.org/public/caseView.do?csIID=54606; *see generally Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (citation omitted)).

Under Rule 203 of the South Carolina Rules of Appellate Procedure, a criminal defendant

seeking to appeal his conviction must serve and file a notice of appeal within ten days after imposition of the sentence. Rule 203(b)(2), SCACR. The notice of appeal must not only be filed with the clerk of the circuit court but also must be filed with the clerk of the South Carolina Court of Appeals. Rule 203(d)(a)(B), SCACR.

In this case, by his own concession, Petitioner's notice of appeal was not timely filed with the South Carolina Court of Appeals, and as a result, his direct appeal (not filed in the Court of Appeals until August 21, 2013) was clearly untimely, as the Court of Appeals determined. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed *or when the time for seeking direct review has expired*, *see* 28 U.S.C. § 2244(d)(1)(A) . . . ." (emphasis added)). Thus, the Magistrate Judge correctly concluded that Petitioner's conviction became final on June 16, 2005 (ten days after imposition of his sentence), that the one-year AEDPA limitation period began running June 17, 2005, and expired June 17, 2006, and that Petitioner's § 2254 habeas petition filed January 15, 2016, was clearly untimely and barred by AEDPA. Accordingly, the Court overrules Petitioner's first objection.

### B.    Equitable Tolling Does Not Apply

Regarding equitable tolling, the Court notes Petitioner has only objected to the Magistrate Judge's finding that equitable tolling should not apply for the eight years that he allegedly believed his direct appeal was pending. *Compare* R & R at 6, *with* Pet.'s Objs. at 2. He has *not* objected[4] to the Magistrate Judge's alternative finding that even if the Court equitably tolled the limitation period until 2013 (the year of Petitioner's alleged appeal), Petitioner's § 2254 petition filed in 2016 would still be

---

[4]    *See generally Diamond*, 416 F.3d at 315, *and Camby*, 718 F.2d at 199-200 (stating that absent a specific objection, a district court need only review a magistrate judge's recommended finding for clear error, and the district court need not give any explanation for adopting the magistrate's recommendation).

5

deemed untimely. *See* R & R at 6-7.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling. *See* Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)." *Holland*, 560 U.S. at 634. A § 2254 petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The Court agrees with the Magistrate Judge that equitable tolling is inappropriate. First, regarding the period from 2005 to 2013, Petitioner has not shown a diligent pursuit of his rights or the existence of an extraordinary circumstance. *See Holland*, 560 U.S. at 649. Second, even assuming *arguendo* that equitable tolling applied to the 2005-2013 period, Petitioner fails to address or otherwise account for the 511-day period from August 2014 (when the one-year limitation period would have expired) to January 2016 (when he filed his § 2254 petition); thus, his petition is still time-barred. Accordingly, the Court overrules Petitioner's second objection.

### C.     Petitioner Is No Longer "in Custody" for Purposes of § 2254

Finally, the Court notes Petitioner has not objected to the Magistrate Judge's footnote indicating he is not "in custody" for purposes of habeas relief because his eighteen-month sentence imposed on June 6, 2005, would have expired in 2006. *See* R & R at 7 n.4 (citing *Maleng v. Cook*, 490 U.S. 488, 492 (1989)). The Court adopts the Magistrate Judge's finding as its own. *See Diamond*, 416 F.3d at 315, *and Camby*, 718 F.2d at 199-200 (stating that absent a specific objection, a district court need only review a magistrate judge's recommended finding for clear error, and the district court need not give any explanation for adopting the magistrate's recommendation). Because Petitioner is not in custody for the challenged state court judgment, this Court lacks jurisdiction over Petitioner's habeas action and

the petition warrants dismissal on this ground.[5]

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack*, 529 U.S. at 484; *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### Conclusion

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, and the applicable law. For the reasons stated in the Court's order and the Magistrate Judge's R & R, the Court overrules Petitioner's objections and adopts and incorporates by reference the R & R [ECF No. 18].

**IT IS THEREFORE ORDERED** that Petitioner's § 2254 petition is **DISMISSED** *without prejudice* and without issuance and service of process. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a

---

[5] An individual must be "in custody" to be eligible for federal habeas corpus relief. *See* 28 U.S.C. § 2254(a); *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). Moreover, at the time a habeas petitioner files his petition in federal court, the petitioner must be in custody under the conviction or sentence being challenged. *Maleng*, 490 U.S. at 490-91. A person who files a habeas petition after he has fully served his sentence is not in custody for purposes of a federal district court's subject matter jurisdiction. *Wilson v. Flaherty*, 689 F.3d 332, 339 (4th Cir. 2012).

constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**


Florence, South Carolina                                          s/ R. Bryan Harwell
June 30, 2016                                                     R. Bryan Harwell
                                                                  United States District Judge